IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| HAROLD B. WILSON,<br><br>    Plaintiff,<br><br>vs.<br><br>STEGEMAN, in their individual capacities only; ORISHIO, Cpl, in their individual capacities only; and LOVELACE, Cpl, in their individual capacities only,<br><br>    Defendants. | 8:18CV584<br><br>**MEMORANDUM<br>AND ORDER** |

  This matter is before the court on Plaintiff's Motion for Appointment of Counsel (filing no. 12) and for case management.

  Plaintiff previously requested counsel when he filed his Complaint which I denied without prejudice to reassertion. (Filing No. 11 at CM/ECF p. 11.) Plaintiff now renews his request for court-appointed counsel because he "is currently in the prison hospital and has no access to legal materials, legal Aide or law computer or even the original filings in this case which are in . . . property control." (Filing No. 12.) Plaintiff also asserts that he "has evidence and cause to file an Amended Complaint but only with the assistance of counsel [since] Plaintiff has dyalisys [sic] treatment six days a week and needs assistance walking and failing eyesight which causes his poor penmanship & spelling." (*Id*.)

  In my previous order dated July 11, 2019, I determined that this matter may proceed to service of process against Defendants Stegeman, Lovelace, and Orishio in their individual capacities, and I directed the clerk of the court to obtain the last known addresses for Defendants from the Marshals Service. The Marshals Service recently informed the court that they are unable to obtain the necessary addresses

for all Defendants in order that summons may be served upon them. Based on the court's own search of the State of Nebraska Online Employee Directory (https://ne-phonebook.ne.gov/PhoneBook/faces/welcome.jsp, last visited Aug. 28, 2019), Defendants Lovelace and Stegeman may be served at their place of employment at the Nebraska State Penitentiary, and the court will direct the clerk to prepare summons accordingly. With respect to Defendant Orishio, Plaintiff admitted in his Complaint that he was unsure of the correct spelling of this individual's last name, and the court was unable to verify whether this individual is employed with the Nebraska Department of Corrections.

Given Plaintiff's representations about his medical conditions and lack of access to legal materials, I doubt that Plaintiff would be able to provide any additional identifying information for Defendant Orishio as he has already provided his rank, last name, and place of employment to the best of his knowledge. Thus, under the circumstances and given Plaintiff's claims, I conclude that Plaintiff and the court would benefit from the appointment of counsel in this matter. Accordingly,

IT IS THEREFORE ORDERED that:

1. For service of process on defendant David A. Lovelace in his individual capacity, the clerk of the court is directed to complete a summons form and a USM-285 form for defendant David A. Lovelace using the address "Nebraska State Penitentiary, 4201 South 14th Street, Lincoln, NE 68502," and forward them together with a copy of the Complaint (filing no. 1), a copy of the court's July 11, 2019 Memorandum and Order (filing no. 11), and a copy of this Memorandum and Order to the Marshals Service. **The Marshals Service shall serve defendant David A. Lovelace personally in his individual capacity at the Nebraska State Penitentiary, 4201 South 14th Street, Lincoln, NE 68502.** Service may also be accomplished by using any of the following methods:

residence, certified mail, or designated delivery service. *See* Federal Rule of Civil Procedure 4(e); Neb. Rev. Stat. § 25-508.01 (Reissue 2016).[1]

2. For service of process on defendant Elizabeth J. Stegeman in her individual capacity, the clerk of the court is directed to complete a summons form and a USM-285 form for defendant Elizabeth J. Stegeman using the address "Nebraska State Penitentiary, 4201 South 14th Street, Lincoln, NE 68502," and forward them together with a copy of the Complaint (filing no. 1), a copy of the court's July 11, 2019 Memorandum and Order (filing no. 11), and a copy of this Memorandum and Order to the Marshals Service. **The Marshals Service shall serve defendant Elizabeth J. Stegeman personally in her individual capacity at the Nebraska State Penitentiary, 4201 South 14th Street, Lincoln, NE 68502.** Service may also be accomplished by using any of the following methods: residence, certified mail, or designated delivery service. *See* Federal Rule of Civil Procedure 4(e); Neb. Rev. Stat. § 25-508.01 (Reissue 2016).

3. As previously ordered, the United States Marshal shall serve all process in this case without prepayment of fees from Plaintiff.

4. Plaintiff's Motion for Appointment of Counsel (filing no. 12) is granted.

---

[1] Pro se litigants proceeding in forma pauperis are entitled to rely on service by the United States Marshals Service. *Wright v. First Student, Inc.*, 710 F.3d 782, 783 (8th Cir. 2013). Pursuant to 28 U.S.C. § 1915(d), in an in forma pauperis case, "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases." *See Moore v. Jackson*, 123 F.3d 1082, 1085 (8th Cir. 1997) (language in § 1915(d) is compulsory). *See, e.g.*, *Beyer v. Pulaski County Jail*, 589 Fed. Appx. 798 (8th Cir. 2014) (unpublished) (vacating district court order of dismissal for failure to prosecute and directing district court to order the Marshal to seek defendant's last-known contact information where plaintiff contended that the Jail would have information for defendant's whereabouts); *Graham v. Satkoski*, 51 F.3d 710, 713 (7th Cir. 1995) (when court instructs Marshal to serve papers for prisoner, prisoner need furnish no more than information necessary to identify defendant; Marshal should be able to ascertain defendant's current address).

5. With thanks for accepting the appointment, Mr. William J. Bianco and the Bianco, Stroh Law Firm are hereby appointed to represent Plaintiff Harold B. Wilson in this matter.[2]

6. Mr. Bianco and/or any other counsel from the Bianco, Stroh Law Firm are directed to promptly enter their appearance as counsel in this case.

7. Upon entry of counsel's appearance in CM/ECF, the Clerk of Court shall immediately pay from the Federal Practice Fund the sum of $1,000 to the Bianco, Stroh Law Firm.

8. A second and last installment of $1,000 shall become due and payable to the Bianco, Stroh Law Firm upon the entry of judgment or other closing documents in the case.

9. Subject to the prior approval of the court, counsel may incur reasonable expenses when representing Plaintiff in accordance with the Amended Plan for the Administration of the Federal Practice Fund and the Federal Practice Committee. *See also* NEGenR 1.7(g) and NECivR 54.3-54.4.

10. Should Plaintiff succeed, and counsel be awarded attorney fees and expenses that exceed $2,000 plus expenses, counsel shall reimburse the Federal Practice Fund for the fees and expenses paid from the fund.

11. Counsel for Plaintiff is initially appointed to assist Plaintiff with identifying Defendant Orishio and completing service of process on Defendant Orishio by October 9, 2019. Should this case eventually proceed to trial, counsel is

---

[2] I have been authorized by the Chief Judge to appoint counsel pursuant to the Amended Plan for the Administration of the Federal Practice Fund and the Federal Practice Committee.

obligated to continue to represent Plaintiff. The appointment will not extend to any appeal after trial.

12. At the direction of the Court, this case is removed from the pro se docket as counsel has been appointed to represent Plaintiff. The clerk's office shall randomly assign a new judge to this case and shall request a reassignment order from the Chief Judge.

Dated this 29th day of August, 2019.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge